**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1] | Case No. 17-12560 (JKS) |
| Remaining Debtors. | (Jointly Administered) |
| MICHAEL GOLDBERG, in his capacity as Liquidating Trustee of the WOODBRIDGE LIQUIDATION TRUST, | |
| Plaintiff, | Adversary Proceeding Case No. 19-51071 (JKS) |
| vs. | |
| EDUARDO G. DIAZ and DIAZ RETIREMENT CONSULTANTS, | |
| Defendants. | |

**DECLARATION OF COUNSEL IN SUPPORT OF**
**PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT**

I, Colin R. Robinson, hereby declare under penalty of perjury, pursuant to section 1746 of title 28 of the United States Code, as follows:

1. I am an attorney admitted to practice in the United States Bankruptcy Court for the District of Delaware and before this Court, among other jurisdictions.

2. I submit this declaration ("Declaration") in support of the *Plaintiff's Request for Entry of Default*, pursuant to Federal Rule of Civil Procedure 55(b)(1), made applicable by Federal Rule of Bankruptcy Procedure 7055.

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172).

2

3. I am one of the attorneys for the captioned Plaintiff in this adversary proceeding and have personal knowledge of the facts set forth in this Declaration.

4. On December 3, 2019, Plaintiff filed the *Adversary Complaint: (I) for Avoidance and Recovery of Avoidable Transfers; and (II) for Sale of Unregistered Securities, for Fraud, and for Aiding and Abetting Fraud* (the "Complaint")[2] [Adv. Docket No. 1] against defendants Eduardo G. Diaz and Diaz Retirement Consultants (each a "Defendant," and collectively, the "Defendants"), seeking recovery of avoidable transfers.

5. On December 5, 2019, the summons (the "Summons") [Adv. Docket No. 3] was issued.

6. The Summons stated that Defendant was required to file a response to the Complaint within 30 days of the date of issuance of the Summons.

7. On December 5, 2019, Plaintiff served the Summons and the Complaint on Defendant and filed the Certificate of Service.

8. On July 22, 2020, an alias summons (the "Alias Summons") [Adv. Docket No. 17] was issued.

9. On July 23, 2020, an amended alias summons (the "Amended Alias Summons") [Adv. Docket No. 17] was issued.

10. The Complaint, Summons, Alias Summons, Amended Alias Summons and Certificate of Service are attached as **Exhibit 1** to this Declaration.

---

[2] Capitalized terms used, but not otherwise defined herein shall have the meanings ascribed to them in the Complaint.

3

11. The time within which Defendant may answer, move or otherwise respond to the Complaint has expired.

12. Defendant has not answered, moved or otherwise responded to the Complaint within the time limit fixed by Bankruptcy Rule 7012(a) as extended.  In addition, I have examined the docket in the Adversary Proceeding, and no response by Defendant is reflected thereon.

13. To the best of my knowledge and belief based upon the documents in our files, Defendant is not an infant, an incompetent person, or in the military service.

14. Pursuant to Del. Bank. L.R. 7055-1, a copy of Plaintiff's Request for Entry of Default, together with this Declaration, is contemporaneously being served on Defendant at the addresses listed on the Certificate of Service.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 16, 2021

                                                 */s/ Colin R. Robinson*  
                                                 Colin R. Robinson (DE Bar No. 5524)