# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1] | Case No. 17-12560 (JKS) |
| Remaining Debtors. | (Jointly Administered) |
| MICHAEL GOLDBERG, in his capacity as Liquidating Trustee of the WOODBRIDGE LIQUIDATION TRUST, | |
| Plaintiff, | Adversary Proceeding Case No. 19-51071 (JKS) |
| vs. | **Re: D.I. 30, 32** |
| EDUARDO G. DIAZ and DIAZ RETIREMENT CONSULTANTS, | |
| Defendants. | |

## REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff Michael Goldberg in his capacity as Liquidating Trustee of the Woodbridge Liquidation Trust ("Plaintiff") respectfully submits this reply, (i) in response to *Defendant's Motion to Dismiss Summary Judgment for Failure to State Truthful and Factual Claim* [D.I. 32] (the "Objection")[2] filed by Edwardo Diaz ("Defendant"), and (ii) in further support of *Plaintiff's Motion for Default Judgment* [D.I. 30] (the "Motion").

## I. INTRODUCTION

1. There is no dispute that the Defendants have been properly served. After requesting additional time from the Court to file a responsive pleading in August 2020 [D.I 19],

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172).

[2] All "(D.I. ___)" references set forth herein are to the docket in this adversary proceeding.

Defendants simply did not respond. Plaintiff filed the Motion approximately ten (10) months after the requested extension had expired.

2. On October 1, 2021, Defendants filed the Objection asserting the "Mr. Diaz will have no dispute with the investors allegations provided the Plaintiff's provide all necessary documentation needed by Diaz" (§ 5) and, concurrently therewith, stating that Plaintiff's have not stated a truthful claim. (§ 7)

3. In sum, the record here is unclear as to what Defendants are admitting, denying, or asserting in response to the Complaint (defined below). Following the filing of the Objection, Plaintiff, in an attempt to guide this adversary proceeding back on a procedural track for resolution, reached out to the Defendants providing a copy of the Complaint and certain of the documents requested. *See Declaration of Jeffrey Nolan* attached hereto as Exhibit A. To date, the Defendants have failed to answer or otherwise respond to the Complaint.

4. Plaintiff respectfully requests that the Defendants be given an additional twenty-one (21) days to file an answer or otherwise respond to the Complaint. Absent compliance with another extended response deadline, the Motion should be granted.

## II. FACTUAL BACKGROUND

**A.** **Defendants Were Properly Served**

5. On December 3, 2019, the Plaintiff commenced the above-captioned adversary proceeding against the Defendant by filing the *Adversary Complaint: (I) For Avoidance and Recovery of Avoidable Transfers; and (II) For Sale of Unregistered Securities, For Fraud, and For Aiding and Abetting Fraud* [D.I. 1] (the "Complaint").

6. On December 5, 2019, service of the Complaint and summons [D.I. 3] (the "Summons") was made on the Defendant via United States first-class mail in accordance with Bankruptcy Rule 7004. On July 22, 2020, alias summons [D.I. 17] ("Alias Summons") was

2

DOCS_LA:340303.2 94811/003

served with the Complaint. On July 23, 2020, an amended alias summons [D.I. 18] ("Amended Alias Summons") was served with the Complaint. [D.I. 18]

7. Pursuant to the Summons, Defendants were required to answer or otherwise respond to the Complaint within thirty (30) days of service. i.e., August 23, 2020 (the "Answer Deadline"). See FED. R. BANKR. P. 7012; *see also* Summons, p.1 (notifying Defendant of 30-day deadline). Defendants failed to answer or otherwise respond to the Complaint by the Answer Deadline.

**B.     Defendants' Failure to Respond to the Complaint**

8. On August 25, 2020, Defendants filed an untimely request for a sixty (60) day extension to respond to the Complaint (until on or about October 24, 2020) as Defendants stated they had just recently retrieved documents from storage, needed additional time to review the documents, and were impacted by the Covid-19 pandemic. [D.I. 19]. The Plaintiff did not object to the requested extension. However, Defendants failed again to answer or otherwise respond to the Complaint by the extended deadline.

**C.     Motion For Default Judgment**

9. On September 16, 2021, the Plaintiff filed its request for entry of default [D.I. 27]. The Clerk's Entry of Default against the Defendants was entered on September 17, 2021. On September 20, 2021, Plaintiff filed the Motion seeking a default judgment be entered against the Defendants to set aside as a fraudulent conveyance the Four Year Transfers totaling $354,798.28, and ordering Defendants, jointly and severally, to pay to Plaintiff the amount of $1,405,869.02 for the improper sale of Notes and Units arising from the Defendants' sale of unregistered securities.

**D. Defendants Objection to the Motion For Default Judgment**

10. On October 1, 2021, Defendants filed the Objection in which they did not address the allegations in the Complaint but rather demanded the proof that Defendants committed wrongdoings, engaged in interstate commerce, and made misrepresentations.[3] Defendants make numerous other demands such as Plaintiff provide affidavits from all real parties in interest, (Objection, §10(c)), forensic accounting of all monies lost and evidence of the Ponzi scheme. (Objection, §11(c)).

11. On October 6, 2021, Plaintiff, in an effort to get this matter back on track, issued a letter to Defendants responding to certain of the information requests set forth in the Objection. Plaintiff enclosed (a) cancelled checks memorializing the Four Year Transfers to Defendants and (b) documents identifying the investors who Defendants sold investments to, the commissions earned, and ultimately the loss sustained by the investors. Plaintiff also directed the Defendants to the claims agent website maintained by Garden City Group for pleadings that will provide further information surrounding the Debtors' Ponzi scheme, the Debtors' sales and marketing practices, the Plan and the Court's findings of fact and conclusions of law. Finally, the Plaintiff asked that the Defendants answer or otherwise respond to the Complaint.

12. No answer or other response to the Complaint has been filed as of the date of the Reply.

### III. ARGUMENT

13. "[E]ntry of a default judgment is left primarily to the discretion of the [Court]." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). "The Third Circuit has repeatedly

---

[3] The Objection asserts that "Mr. Diaz's Motion to Dismiss for failure to state a claim is timely." (Objection, §14). The Answer Deadline was August 23, 2020, and the Objection was filed on October 1, 2021, such that the Objection was outside any argument of a timely response by thirteen months.

4

held that three factors control whether a default judgment should be set aside or granted: '(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct.'" *Mowafy v. Noramco of Del., Inc.*, 2007 WL 2828013, at *3 (D. Del. Sept. 27, 2007) (quoting *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000), and *Jorden v. Nat'l Guard Bureau*, 877 F.2d 245, 250–51 (3d Cir. 1989)).

14. Importantly, the existence of a meritorious defense is "the threshold issue" in the analysis. *Hritz*, 732 F.2d at 1181. Therefore, if the Court finds "that Defendant has not established that it has a meritorious defense, the Court need not reach the remaining two factors." *RE Cmty. Holdings II, Inc. v. eCullet, Inc.*, 2016 U.S. Dist. LEXIS 139589, at *10 (D.N.J. Oct. 7, 2016); *see also Vincent's Pizza Park, Inc. v. B&C Pizza*, 2012 U.S. Dist. LEXIS 63371, at *20 (W.D. Pa. May 3, 2012) ("[I]f a defendant is unable to establish that it could assert a meritorious defense, that defendant is not entitled to have a default judgment set aside."). This is because "without a meritorious defense [defendant] could not win at trial," and "[t]herefore, there would be no point in setting aside the default judgment." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984).[4]

15. The Objection does not deny that Defendants received the Four-Year Transfers and sold the Woodbridge Notes and Units to the aggrieved investors. Rather than offer a colorable defense to the Complaint, Defendants simply demand proof of the Defendants' wrongdoing.

---

[4] Although *RE Community Holdings*, *Vincent's Pizza Park*, and *$55,518.05 in U.S. Currency* each arose in the context of a motion to vacate or set aside a default judgment rather than a motion for entry of default judgment, the Third Circuit applies the same three-part standard in both contexts. *Compare, e.g.*, *Chamberlain*, 210 F.3d at 164 (applying standard to motion for default judgment), with *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (applying standard to motion to set aside default judgment); *see also Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 272 n.11 (E.D. Pa. 2014) (noting that courts "apply the factors *mutatis mutandis*" in the two contexts).

5

16. While the Plaintiff contends the Objection is not an answer or response to the Complaint, the Plaintiff, in its continuing effort to move this matter forward and give the Defendants another opportunity to provide a defense, request the Court set a deadline to answer or otherwise respond to the Complaint for twenty-one (21) days from the date of the October 29, 2021 hearing – November 19, 2021 (the "Further Extended Response Deadline").  In the event the Defendants, after yet another opportunity to do so, fail to answer or otherwise respond to the Complaint, Plaintiff respectfully requests the Motion is granted or, in the alternative, rescheduled for the next omnibus hearing date following the Further Extended Response Deadline.

17. Over a year has passed since the Defendants first requested additional time to respond to the Complaint and to further delay this proceeding would do nothing more than postpone the inevitable – an ultimate judgment in Plaintiffs' favor.  Further delay serves no one's interest, *cf*. FED. R. BANKR. P. 1001 (directing that the rules of procedure, which include those relating to default judgments in the bankruptcy context, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").  Ultimately, Plaintiff is prepared to carry its burden of proof after the Defendants answer or otherwise respond to the Complaint.

18. "[A] meritorious defense is presumptively established when the 'allegations of defendant's answer, if established on trial would constitute a complete defense to the action.'" *Hritz*, 732 F.2d at 1181 (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)).  A defendant must do more than merely allege that it has defenses; "[r]ather, [courts] impose a more stringent standard which requires that a defendant … set forth with some specificity the grounds for his defense."  *Harad v. Aetna Casualty & Surety Co.*, 839 F.2d 979, 982 (3d Cir. 1988).  Here, as a threshold matter, Defendants failed to attach an answer to its

Objection or file a separate answer, "as should be done" by a defendant opposing a motion for entry of default judgment. *Gov't Emples. Ins. Co. v. Pennsauken Spine & Rehab. P.C.*, 2018 U.S. Dist. LEXIS 131529, at *11-12 (D.N.J. Aug. 6, 2018). But even if the Court were to consider the Objection an answer or response to the Complaint, no "defenses" are raised therein and given the incontrovertible findings to date by the Court as to Shapiro, the Ponzi scheme, the losses, the improper marketing and sales techniques, Defendants' "defenses" set forth in the Objection are utterly without merit.[5]

19.     In addition to Defendant's lack of any meritorious defense, the Objection should also be overruled because Defendant was duly and properly served with the Complaint and Summons yet has offered no legitimate excuse for failing to timely respond. Courts have held that the "culpable conduct" factor weighs against entry of a default judgment if the defendant can show that its failure to timely respond to the complaint was due to "excusable neglect." *See, e.g.*, *Hritz*, 732 F.2d at 1183 & 1187. Here, there is no showing of excusable neglect, only an implausible and unparticularized assertion that Defendants asked for a sixty (60) day extension in August 2020, and was diligently waiting to hear from the court regarding his request for an extension. (Objection, §4) Yet, rather than reach out to the Court or Plaintiff, Defendants remained silent for the next 12 months until after the Plaintiff filed and served the Motion.

20.     Ultimately, proper service of the Complaint was completed in accordance with the Federal Rules of Bankruptcy Procedure. Refusing to appear and be subject to the Court's jurisdiction until Defendants demands are met is not a meritorious position, or one grounded in

---

[5] In the event the Court determines the Objection is a response to the Complaint, and denies the Motion, the Plaintiff will submit a proposed scheduling order, after consultation with the Defendants, so this adversary proceeding can move forward.

good faith. Taking such a frivolous and unsupported position can be characterized as culpable conduct." *Vincent's Pizza*, 2012 U.S. Dist. LEXIS 63371, at *20.

## IV.  CONCLUSION

WHEREFORE, for the reasons set forth herein and in the Motion, Plaintiffs respectfully request that the Court overrule the Objection, allow Defendants a further twenty-one (21) days to file an answer or otherwise respond to the Complaint, and absent such filing, enter default judgment (substantially in the form of the proposed judgment attached to the Motion as Exhibit B), and grant such other and further relief as is just and proper.

Dated:  October 26, 2021     PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Richard M. Pachulski (CA Bar No. 90073)
Andrew W. Caine (CA Bar No. 110345)
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
 rpachulski@pszjlaw.com
 acaine@pszjlaw.com
 bsandler@pszjlaw.com
 crobinson@pszjlaw.com

*Counsel to Plaintiffs*